# United States District Court
# Central District of California

| | |
|---|---|
| CHRISTOPHER SADOWSKI, an individual,<br><br>            Plaintiff,<br><br>    v.<br><br>INTERNET BRANDS, INC. d/b/a flyertalk.com; DOES 1 through 10, inclusive,<br><br>            Defendants. | Case No. 2:18-cv-00704-ODW (FFM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES [18]** |

## I. INTRODUCTION

Plaintiff Christopher Sadowski brought suit against Defendant Internet Brands, Inc. ("Internet Brands") for copyright infringement of a photograph. (ECF No. 1.) Internet Brands answered Sadowski's complaint, and asserted nineteen affirmative defenses. (ECF No. 12.) Sadowski now moves to strike Defendant's affirmative defenses. (ECF No. 18.) For the reasons discussed below, the Court **GRANTS in PART** and **DENIES in PART** Plaintiff's Motion to Strike.[1]

---

[1] After carefully considering the papers filed in connection with the instant Motions, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II. FACTUAL & PROCEDURAL BACKGROUND

Sadowski is a professional photographer who licenses and sells his photographs to major media outlets. (Compl. ¶ 8, ECF No. 1.) Sadowski is the sole author and exclusive copyright owner of a photograph depicting a homeless person at LaGuardia Airport (the "Image"). (*Id.* ¶ 9). In December 2015, Sadowski licensed the Image to the New York Post for an article on their website. (*Id.* ¶ 11.) In the article, a credit featuring Sadowski's name was placed below the Image. (*Id.* ¶ 12.) Around November 2016, Sadowski discovered the Image was being used without his authorization or accreditation on Internet Brands' website. (*Id.* ¶ 13.) Sadowski alleges that despite his attempts to contact Internet Brands, the Image is still publicly displayed on its website. (*Id.* ¶ 16; Decl. of Ryan E. Carreon ("Decl. Carreon") ¶ 4, ECF No. 18-1.)

On April 25, 2018, Sadowski moved to strike all of Internet Brands' affirmative defenses. (ECF No. 18.) On May 14, 2018, Internet Brands opposed, and sought leave to amend in the event the Court discerned any inadequacies in its affirmative defenses. (ECF No. 19.) On May 18, 2018, Sadowski replied. (ECF No. 21.) Sadowski argues that Internet Brands' affirmative defenses do not provide sufficient fair notice and are not properly pleaded. (Reply in Supp. of Mot. to Strike the Answer ("Supp. of Mot.") 2: 18–21, ECF No. 21.)

## III. DISCUSSION

### A. Legal Standard

Under Federal Rule of Civil Procedure 12(f), "a Court may strike affirmative defenses . . . if they present an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010) (internal quotations omitted) (citing Fed. R. Civ. P. 12(f)). "[T]he function of a 12(f) motion is to avoid the expenditure of time and money that must arise from litigating spurious issues." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Nevertheless, 12(f) motions are "generally regarded with disfavor because of the limited importance of

pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). Thus, as long as the opposing party is not prejudiced, courts freely grant leave to amend stricken defenses. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979); *see also* Fed. R. Civ. P. 15(a)(2).

Motions to strike are appropriate when an affirmative defense is insufficient as a matter of law or as a matter of pleading. *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982); *Ross v. Morgan Stanley Smith Barney, LLC*, No. 2:12-CV-09687-ODW, 2013 WL 1344831, at *1 (C.D. Cal. Apr. 2, 2013). An affirmative defense is insufficient as a matter of law when the court is "convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Ganley v. Cty. of San Mateo*, No. 06–3923, 2007 WL 902551, at *1 (N.D. Cal. Mar. 22, 2007) (quoting *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1999)). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives the plaintiff fair notice of the defense." *Wyshak*, 607 F.2d at 827. Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense, but a detailed statement of facts is not required. *Kohler v. Staples the Office Superstore, LLC*, 291 F.R.D. 464, 468 (S.D. Cal. 2013).

In the Ninth Circuit, it is not entirely clear whether the heightened pleading standard of *Twombly/Iqbal* applies to affirmative defenses. *See, e.g.*, *Kohler*, 291 F.R.D. at 468 (discussing that "the *Twombly/Iqbal* pleading standard for affirmative defenses . . . [is currently] unresolved."). While district courts are split on this issue, most have found that the heightened pleading standard applies to affirmative defenses. *Powertech Tech., Inc. v. Tessera, Inc.*, No. C 10-945 CW, 2012 WL 1746848, at *4 (N.D. Cal. 2012) (collecting cases). Therefore, absent further direction from the Supreme Court or the Ninth Circuit, the Court will apply the *Twombly/Iqbal* standard to affirmative defenses. *See, e.g.*, *Ross*, 2013 WL 1344831, at *1–3 (interpreting *Iqbal*

and *Twombly* to apply to affirmative defenses). "Applying the standard for heightened pleading to affirmative defenses serves a valid purpose in requiring at least some valid factual basis for pleading an affirmative defense and not adding it to the case simply upon some conjecture that it may somehow apply." *Barnes*, 718 F. Supp. 2d at 1172 (internal quotations omitted) (citing *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 (D. Kan. 2009)).

With these standards in mind, the Court now turns to the arguments raised by Sadowski in his Motion to Strike. (ECF No. 18.)

## B. Application

Sadowski addresses Internet Brands' affirmative defenses numbered 7 and 18 collectively, while he addresses the remaining defenses individually. (Mot. to Strike 9:19.) Internet Brands acknowledges that affirmative defenses numbered 8, 10, 13, 15, and 16 provide insufficient fair notice and requests leave to amend. (Opposition to Motion to Strike Portions of Answer ("Opp'n") 6–8, ECF No. 19.) Thus, the Court **GRANTS** Plaintiff's Motion to Strike for affirmative defenses 8, 10, 13, 15, and 16, with 20 days leave to amend.

### 1. *Failure to Provide Sufficient Fair Notice*

As articulated in *Twombly*, Federal Rule of Civil Procedure 8 requires a party make "a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n. 3. In order to make a "showing" for an affirmative defense, a defendant must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 544. For the following reasons, Internet Brands' affirmative defenses 3, 4, 9, 11, and 14 lack sufficient factual support to provide fair notice:

<u>Third Affirmative Defense</u>

Internet Brands asserts that Sadowski is barred from recovery due to his failure to take "reasonable steps" to protect his "purported intellectual property rights." (Defendant's Answer and Affirmative Defenses ("Affirmative Defenses") ¶ 3.) Yet, Internet Brands' fails to provide any "step" that Plaintiff failed to perform.

Fourth Affirmative Defense

Internet Brands states that Sadowski is "directly and proximately" responsible for any harm caused because he failed to "exercise reasonable care or caution" to mitigate his damages. (Affirmative Defenses ¶ 4.) Without more, Internet Brands provides no notice "of the basis of [Plaintiff's] alleged failure to mitigate." (Mot. to Strike 8:10–11 (citing *Kohler*, 291 F.R.D. at 470).)

Ninth Affirmative Defense

Internet Brands alleges that Plaintiff is "equitably estopped" from asserting any claim for relief against the Defendant. (Affirmative Defenses ¶ 9.) However, Internet Brands fails to produce any action or event that would give rise to this doctrine.

Eleventh Affirmative Defense

Internet Brands asserts that it is protected by the fair use doctrine as set forth in 17 U.S.C. § 107. (Affirmative Defenses ¶ 11.) The fair use doctrine allows a portion of a copyrighted work to be reproduced or utilized without permission from the copyright holder. Distinguishing whether the use of a copyrighted work falls under the fair use doctrine requires a consideration of four factors.[2] 17 U.S.C. § 107. Yet, Internet Brands does not provide any factual support to show how it qualifies for protection under the fair use doctrine, whether through acting as a protected class or balancing the listed factors. *See* 17 U.S.C § 107.

Fourteenth Affirmative Defense

Internet Brands simply contests that any and all allegations "were caused and contributed by the fault . . . of others." (Affirmative Defenses ¶ 14.) However, Internet Brands does not assert how these third parties' actions may operate as an affirmative

---

[2] "In determining whether the use made of a work in any particular case is a fair use the factors to be considered shall include: (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work." 17 U.S.C. § 107.

defense, nor does it provide any facts as to who else may be liable.

Altogether, Internet Brands' affirmative defenses 3, 4, 9, 11, and 14 are insufficient because they fail to "point to the existence of some identifiable fact" and instead make only conclusory statements. *Barnes*, 718 F. Supp. 2d at 1172; *see also Gomez v. J. Jacobo Farm Labor Contr., Inc.*, 188 F. Supp. 3d 986, 992 (E.D. Cal. 2016) ("[F]act-barren affirmative defenses" are not enough to afford fair notice). In order to explain this lack of factual support, Internet Brands argues that it was incapable of discovering any additional information in the time allocated to file its Answer. (Opp'n 3:22–23.) While this may be true, under *Twombly/Iqbal*, Internet Brands is still required to provide some factual basis in the pleading in order to support its affirmative defenses. *See Ins. Co. of the State of Penn. v. Citizens of Humanity LLC*, No. SACV 13-01564 JVS, 2014 WL 12689271, at *5 (C.D. Cal. Feb. 24, 2014); *see also Ross*, 2013 WL 1344831, at *2. However, because Internet Brands may be able to allege additional facts to support these affirmative defenses, the Court **GRANTS** Plaintiff's Motion to Strike affirmative defense numbers 3, 4, 9, 11, and 14, with 20 days leave to amend.

2.  *Improper Attack on Plaintiff's Prima Facie Case*

An affirmative defense is improper if it "is merely [a] rebuttal against the evidence presented by the plaintiff." *Barnes*, 718 F. Supp. 2d at 1173; *see also Zivkovic v. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof [as to an element plaintiff is required to prove] is not an affirmative defense."). Thus, defenses that simply attack or deny Sadowski's prima facie case are not affirmative defenses and should be stricken. *See Zivkovic*, 302 F.3d at 1088. Internet Brands' affirmative defense numbers 1, 2, 7, 12, 17, and 18 are improper affirmative defenses because they attack elements of Sadowski's claim. (Affirmative Defenses ¶ 1 (asserting Image is unoriginal); *Id.* ¶ 2 (alleging Sadowski failed to state a claim); *Id.* ¶ 7 (alleging the Image merges ideas and expression); *Id.* ¶ 12 (claiming the Image is "not subject to copyright protection"); *Id.* ¶ 17 (alleging the Image is not "substantially similar" to the photo used on its website);

*Id.* ¶ 18 (claiming that the Scènes à Faire doctrine bars copyright protection because the Image lacks originality)).

Overall, Internet Brands' aforementioned affirmative defenses attack Sadowski's copyright infringement claim. (Affirmative Defenses ¶ 2.) Internet Brands attempts to point out deficiencies in the validity of Sadowski's copyright. (Affirmative Defenses ¶¶ 1, 7, 12, 17, 18.) Ownership of a valid copyright is part of a copyright plaintiff's case in-chief. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) ("To establish [copyright] infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."). Consequently, Internet Brands' affirmative defenses, which allege defects in the Plaintiff's prima facie case, are improper. *See Zivkovic*, 302 F3d at 1088. Thus, the Court **STRIKES** Internet Brands' affirmative defense numbers 1, 2, 7, 12, 17, and 18, without leave to amend.

### 3. *Fifth and Sixth Affirmative Defenses: Safe Harbor under the Digital Millennium Copyright Act*

Internet Brands alleges that it is protected by the Digital Millennium Copyright Act's ("DMCA") bar against claims relating to copyright infringement. (Affirmative Defenses ¶ 5.) The DMCA provides a safe harbor provision that blocks copyright infringement claims for damages or equitable relief against a service provider. 17 U.S.C. § 512(c)(1). Sadowski contends that Internet Brands fails to assert any facts that show Internet Brands was protected by the DMCA during the time of the alleged copyright infringement. (Mot. to Strike 8:19–22.) In its Opposition, Internet Brands offers evidence that it is currently registered with the DMCA and that registration was not necessary at the time of the alleged infringement. (Opp'n 5:1–5.) The safe harbor clause of the DMCA is an affirmative defense that Internet Brands has provided sufficient fair notice to support. Moreover, Internet Brands' Sixth Affirmative Defense which asserts that Sadowski "failed to send a 'take down notice'" under the DMCA is also sufficient. (Affirmative Defenses ¶ 6.) Thus, the court **DENIES** Plaintiff's Motion

to Strike Internet Brands' Fifth and Sixth Affirmative Defenses.

4. *Nineteenth Affirmative Defense: Reservation of Defense*

Internet Brands attempts to reserve its "right" to assert additional affirmative defenses during the course of discovery. (Affirmative Defenses ¶ 19.) "[R]eservation of rights is not an affirmative defense . . . . [I]f discovery were to reveal the possibility of an additional affirmative defense, the [defendant] would either have to obtain a stipulation for leave to amend or file a motion seeking such leave." *Willson v. Bank of Am., N.A.*, No. C04-1465 TEH, 2004 WL 1811148, at *5 (N.D. Cal. Aug. 12, 2004). Accordingly, the Court **STRIKES** Internet Brands' Nineteenth Affirmative Defense, without leave to amend.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike (ECF No. 18) is **GRANTED in PART** and **DENIED in PART.** The Court:

- **STRIKES** Internet Brands' Affirmative Defenses numbered 3, 4, 8, 9, 10, 11, 13, 14, 15, and 16 with 20 days leave to amend. Defendant shall file its amended answer on or before **July 18, 2018**.
- **STRIKES** Internet Brands' Affirmative Defenses numbered 1, 2, 7, 12, 17, 18, and 19 without leave to amend.
- **DENIES** Plaintiff's Motion to Strike Internet Brands' Fifth and Sixth Affirmative Defenses.

**IT IS SO ORDERED.**

June 28, 2018

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**